IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

MAURICE SHNAIDER, *et al.*,

                Plaintiffs,

-against-

AL JAZEERA MEDIA NETWORK., *et al*,

                Defendants.

-------------------------------------------------------------------X

Docket No:
25-cv-538 (ABJ)

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of the attached decision of the United States Court of Appeals for the District of Columbia Circuit in *Atchley v. AstraZeneca UK Ltd.*, No. 20-7077, slip op. (D.C. Cir. Jan. 23, 2026), which is relevant to Defendants' pending motion to dismiss. (ECF No. 24-1).

In *Atchley*, the Court reversed the district court's dismissal of secondary liability aiding-and-abetting claims under the Anti-Terrorism Act and clarified the standards governing "knowing" and "substantial" assistance. The Court held that, "so long as a plaintiff makes meaningful showings of nexus and substantiality, the plaintiff need not allege that the defendant knew the particulars of each terrorist act it aided and abetted," and that the ATA "requires only that defendants 'knowingly' provide substantial assistance." *Id.* at 25. Like here, defendants in *Atchley* argued that the absence of attack-specific intent defeated ATA liability.

The Court further explained that "[c]ulpability is measured by 'the twin requirements' of 'knowing' and 'substantial' assistance, which 'work[] in tandem' to permit a court to 'infer conscious and culpable assistance.'" *Id.* at 16. The Court emphasized that liability may arise from

non-violent or infrastructural support, particularly where a defendant provides routine services in an "unusual" manner that supports a terrorist enterprise. *Id.* at 29. Like here, the plaintiffs in *Atchley* alleged that organizational and non-violent assistance may support ATA aiding-and-abetting liability.

The Court also reaffirmed that the nexus requirement "operates on a sliding scale," and that "more remote support can still constitute aiding and abetting in the right case," depending on the nature and context of the assistance alleged. *Id.* at 17 (quoting *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023)).

Dated: February 4, 2026
      Brooklyn, New York

                                            Respectfully submitted,

                                            THE BERKMAN LAW OFFICE, LLC
                                            *Attorneys for Plaintiff*

                                            by: _____
                                                    Robert J. Tolchin

                                            829 East 15th Street, Box 7
                                            Brooklyn, New York 11230
                                            (718) 855-3627

NITSANA DARSHAN-LEITNER & CO.
Nitsana Darshan-Leitner
*Israeli counsel for plaintiffs*
10 Hata'as Street
Ramat Gan, 52512 Israel
Israeli #: 011-972-3-7514175
U.S. #: 212-591-0073