## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE SHNAIDER, *et al.*,

                                    *Plaintiffs*,

          v.

AL JAZEERA MEDIA NETWORK

and

AL JAZEERA INTERNATIONAL
(USA) LLC,

                                    *Defendants*.

Civil Action No. 1:25-cv-00538-ABJ

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respond to Plaintiffs' Notice of Supplemental Authority ("Notice") alerting the Court to the D.C. Circuit's recent opinion in *Atchley v. AstraZeneca UK Ltd.*, No. 20-7077, 2026 WL 184415 (D.C. Cir. Jan. 23, 2026), interpreting the aiding and abetting standard under 18 U.S.C. § 2333(d).

Plaintiffs first quote *Atchley*'s statement that "the plaintiff need not allege that the defendant knew the particulars of each terrorist act it aided and abetted" and then assert "[l]ike here, defendants in *Atchley* argued that the absence of attack-specific intent defeated ATA liability." Notice at 1, Dkt. No. 27 (quoting *Atchley*, 2026 WL 184415, at *10). Contrary to Plaintiffs' claim, Defendants here did not argue that Plaintiffs must allege "attack-specific intent." Instead, Defendants argued that Plaintiffs' Amended Complaint fails to allege Defendants' general awareness of any role in supporting terrorist activity or any knowledge of providing substantial

assistance to terrorist activity. *See* Mem. in Support of Mot. to Dismiss at 48–52, Dkt. No. 24-1; Reply in Support of Mot. to Dismiss at 26–27, Dkt. No. 26. Defendants' arguments are entirely consistent with *Atchley*. *See Atchley*, 2026 WL 184415, at *10 ("To state a legally sufficient ATA claim consistent with *Taamneh*'s common-law-based aiding-and-abetting analysis, a plaintiff must at least allege that the defendant knew the assistance it provided would be used to commit further acts of terrorism or would materially increase the likelihood that the tortfeasor would commit further such acts. Alleging that a defendant generally knew its assistance was going to a terrorist organization is insufficient.").

Second, Plaintiffs assert that *Atchley* "emphasized that liability may arise from non-violent or infrastructural support," which Plaintiffs contend they have alleged here. Notice at 1–2, Dkt. No. 27 (citing *Atchley*, 2026 WL 184415, at *12). *Atchley* does not reference "non-violent" or "infrastructural" support. Nor did Defendants here argue that the aiding and abetting claims should be dismissed because the support was alleged to be "non-violent" or "infrastructural," whatever that means. Plaintiffs cite *Atchley*'s consideration of whether the unusual nature of the alleged assistance may bear on the question of intent. *Atchley*, 2026 WL 184415, at *12 (discussing a Supreme Court case where "[t]he unusual nature of those transactions indicated that the business did not innocently treat the tortfeasor as any other customer but rather understood that the tortfeasor intended to use its goods for illicit purposes"). In *Atchley*, the complaint alleged that "defendants participated in a long-running scheme to provide [a terrorist organization] with cash and in-kind bribes that amounted to at least 20 per cent of the value of each contract, as well as off-the-books shipments of 'free goods' that were not tied to any particular contract" and that the "bribes were highly irregular and illegal under both U.S. and Iraqi law." *Id.* at *12–13. Here, in contrast, Plaintiffs' theory of liability remains difficult to articulate but rests principally on

Plaintiffs' disagreement with how an international news organization covers the Israeli-Palestine conflict. Plaintiffs do not allege that Defendants engaged in any highly irregular or illegal activity. In any event, the Amended Complaint's allegations fall far short of meeting the aiding and abetting standard under 18 U.S.C. § 2333(d), as interpreted by the Supreme Court in *Twitter v. Taamneh*, 598 U.S. 471 (2023), and, most recently, by the D.C. Circuit in *Atchley*.

Finally, Plaintiffs cite *Atchley*'s discussion of *Taamneh*'s analysis of the relationship between the culpability prong of aiding and abetting and the necessity of showing a nexus between the alleged assistance and the attack at issue. Notice at 2, Dkt. No. 27. Here, for the reasons stated in the motion to dismiss, the Amended Complaint falls far short of alleging any culpable role by Defendants in the attacks at issue. The allegations found sufficient in *Atchley* (that *millions* of dollars of financial support were knowingly provided to a terrorist organization) stand in stark contrast to Plaintiffs' inability to concretely identify *any* financial assistance to the terrorist organization at issue here.

Dated: February 11, 2026                    Respectfully submitted,


                                              /s/ Laura G. Ferguson
                                            Laura G. Ferguson (D.C. Bar No. 433648)
                                            Andrew T. Wise (D.C. Bar No. 456865)
                                            MILLER & CHEVALIER CHARTERED
                                            900 16th Street, NW
                                            Washington, D.C. 20006
                                            Tel.: (202) 626-5800
                                            Fax: (202) 626-5801
                                            lferguson@milchev.com
                                            awise@milchev.com

                                            *Counsel for Defendants Al Jazeera Media
                                            Network and Al Jazeera International (USA)
                                            LLC*